UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ROGER MAJORS,                  )
                               )
          Petitioner,          )
v.                             )     No. 1:08-cv-645-DFH-TAB
                               )
SUPT. J. WRIGLEY,              )
                               )
          Respondent.          )

**Entry Discussing Petition for Writ of Habeas Corpus**

Roger Majors seeks a writ of habeas corpus with respect to a prison disciplinary proceeding. He is entitled to the writ he seeks only if the court finds that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because Majors has failed to make the required showing, his petition for writ of habeas corpus must be denied. This conclusion is based on the following facts and circumstances:

1.  Certain particulars involving the challenged disciplinary proceeding are the following:

    a.  On January 18, 2008, a conduct board found in No. NCF 08-01-0108 that Majors was guilty of violating prison rules by committing battery with a weapon. He was sanctioned for this behavior.

    b.  The evidence favorable to the decision of the conduct board, see *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found. . . [the petitioner] guilty of the offense on the basis of the evidence presented"), is that during the afternoon of December 31, 2007, Majors battered inmate Oscar Gentry with a pool cue. This occurred at the New Castle Correctional Facility, an Indiana prison.

2.  Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff,* 418 U.S. at 564, 566, 570-71; *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

3. "The best way to conduct analysis under § 2254 is to assume that the state wants to act exactly as its officers . . . have done, and then ask whether the federal Constitution countermands that decision." *Hill v. Wilson,* 519 F.3d 366, 370 (7th Cir. 2008) (citing cases). Under *Wolff* and *Hill,* Majors received all the process to which he was entitled.[1] That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition,(1) Majors was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued written reasons for its decision.

4. Majors' claims that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief.

a. Majors claims that he was denied witnesses and evidence. Inmates facing prison discipline have a limited right to call witnesses and produce documentary evidence. *Wolff,* 418 U.S. at 566-67. Prisoners have the right to call witnesses to testify at disciplinary hearings when consistent with institutional safety and correctional goals. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993)(citations omitted). However, that right is not an unlimited right. *Sweeney v. Parke,* 113 F.3d 716, 719 (7th Cir. 1997). At the time Majors was notified of the charge he faced, he requested certain witnesses. Some of those witnesses gave statements concerning the incident, and those statements were considered by the conduct board. No statements were obtained from Officer Cross or Lieutenant Lucas, however, because these individuals had not witnessed the fight between Majors and Gentry. Due process is not denied if the denied witness would give testimony that is irrelevant or repetitive. *Forbes v. Trigg,* 976 F.2d 308, 316 (7th Cir. 1992). There is no showing of any detriment in the absence of statements from Officer Cross and Lieutenant Lucas. See *Pannell v. McBride,* 306 F.3d 499, 503 (7th Cir. 2002). Majors had also requested "paperwork." This request refers to documentation associated with a breathalyzer and urine test that were administered to Majors shortly after the incident. These tests had been administered because of indications that Majors was intoxicated at the time of the incident. This requested documentation was not produced at the hearing. It was explained to Majors in the course of his administrative appeal, however, that the results of those tests would not have been exculpatory because committing battery on Gentry was a violation of prison rules whether Majors was drunk or sober. Thus, the denial of this documentation did not violate his due process rights.

b. Majors also seeks habeas relief based on his claim that he was denied a copy of the hearing report. *Wolff* directs that before prisoners may be punished for misconduct by being deprived of good-time credits, the fact finders must issue a written statement as to the evidence relied upon and the reasons for the disciplinary action. *Wolff,* 418 U.S. at 563-67. Written statements ensure both administrative accountability and meaningful review. *Chavis v. Rowe,* 643 F.2d 1281, 1287 (7th Cir. 1981). The conduct board's statement of reasons in the challenged proceeding

---

[1] Majors has not replied to the respondent's return to order to show cause. The effect of this, pursuant to 28 U.S.C. § 2248, is that "[t]he allegations of . . . an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true."

is set forth in the "Report of Disciplinary Hearing." That same Report includes Majors' signature as acknowledging the decision. Precisely when Majors was supplied with a copy of the Report of Disciplinary Hearing, as contrasted with being made aware of the information in that Report, is not shown, but the record shows no impediment or prejudice to Majors' effort to pursue either an administrative appeal or the present action associated with any delay in his receiving a copy of the Report. Majors has the Report and has used it for the purpose intended. There was no violation of due process under these circumstances.

5.  "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Majors to the relief he seeks. Accordingly, Major's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

So ordered.

DAVID F. HAMILTON, Chief Judge
United States District Court

Date:  12/8/2008